**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **CATALINA VALTIERRA-PINON,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Cause No. 3:25-cv-00174-KC |
| | § | |
| **EL PASO COUNTY COMMUNITY COLLEGE DISTRICT,** | § | |
| | § | |
| *Defendant*. | § | |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to the Court's Standing Order, Plaintiff Catalina Valtierra-Pinon, ("Plaintiff") and Defendant El Paso County Community College ("Defendant" or the "College") (collectively "the Parties") hereby jointly file the Report of Parties' Planning Meeting, Appendix A.

1

## APPENDIX A
## REPORT OF PARTIES' PLANNING MEETING

**Caption of Case:** *Catalina Valtierra-Pinon v. El Paso County Community College District*; Cause No. 3:25-cv-00174-KC

**Date State Petition Filed:** June 11, 2024

**Date State Petition Served**: June 24, 2024

**Date of Defendant's State Court Appearance:** July 9, 2024

**Date of Defendant's Federal Court Appearance:** May 13, 2025

**Date Notice of Removal Filed**: May 13, 2025

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and Local Rule 16, a conference was held on **July 11, 2025**. The participants were:

1. Attorney Lisa A. Elizondo for Plaintiff, Catalina Valtierra-Pinon; and

2. Attorneys Rosemary Marin and Zachery Grigg, for Defendant El Paso County Community College District.

### I.   CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the Parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

### II.   JURISDICTION

   *A.   Subject Matter Jurisdiction*

This Court has original federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(b)(3).

The Parties agree that the Court has subject matter jurisdiction.

   **B.** *Personal Jurisdiction*

The Parties agree that the Court has subject matter jurisdiction.

**III.  BRIEF DESCRIPTION OF CASE**

   **A.  Claim(s) of Plaintiff**

This is an employment discrimination and retaliation case under Title 2 U.S.C. Section 12101 in which Plaintiff contends that she was terminated from her employment on the basis of her disability, for a perception of having a disability, being associated with an individual with a disability which substantially limits at least one major life activity, and thereafter retaliated against for engaging in protected activity. At all times material hereto, Plaintiff was able to perform the essential functions of her position. For more detail, please refer to Plaintiff's Original Petition.

   **B.  Defenses and Claims of Defendant**

Defendant asserts the following defenses without conceding they are affirmative defenses upon which Defendant bears the burden of proof:

   i.   Plaintiff's claims are barred by the doctrine of sovereign immunity.

   ii.  Defendant employed Plaintiff as a "Probationary, Tenure-Track (Non-Tenured) Faculty member."

   iii. The actions alleged by Plaintiff do not constitute "discrimination" based on perceived discrimination and/or discrimination or associational disability, or "retaliation," in violation of any law.

   iv.  Plaintiff cannot meet her burden to establish a *prima facie* case of perceived discrimination and/or discrimination or associational disability, or retaliation.

   v.   Defendant had a legitimate business reason(s) for any decisions made or actions taken involving Plaintiff and there is no evidence of pretext.

   vi.  Plaintiff cannot establish that the reasons given for adverse actions taken by Defendant, if any, were pretextual.

   vii. Plaintiff cannot establish that any adverse action was taken by Defendant.

   viii. Plaintiff's claim may be barred in whole or in party by Section 21.115 of the Texas Labor Code because Defendant's actions were not intentionally devised or operated to contravene the prohibitions of Chapter 21 and were justified by business necessity.

   ix.  Any decisions made, or actions taken regarding the different aspects of Plaintiff's employment with Defendant were decisions made and actions taken pursuant to neutral

|      |     |
|-----:|-----|
|      | employment policies that apply to all of Defendant's employees in the same class as Plaintiff. |
| x.   | Defendant made a good faith effort to comply with all anti-discrimination laws and statutes. |
| xi.  | If any person caused intentional injuries to Plaintiff, then such person was not acting in the course and scope of their employment with Defendant, was not acting with the consent or authority of Defendant and was not acting with knowledge or permission of Defendant. |
| xii. | Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior in the workplace, or in the alternative, was prevented from doing so because Plaintiff failed to promptly report her complaints directly to Defendant and refused to communicate factual allegations to Defendant. |
| xiii.| Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities of Defendant or to avoid harm otherwise. |
| xiv. | Plaintiff is barred insofar as she has failed to timely exhaust available administrative remedies and give Defendant adequate notice of the claims for which she seeks relief under Chapter 21 of the Texas Labor Code. |
| xv.  | To the extent Plaintiff is attempting to seek relief under Chapter 21 of the Texas Labor Code for any alleged discriminatory or retaliatory conduct occurring more than one-hundred eighty (180) days prior to the filing of her underlying charge of discrimination, such claims and the relief for such claims are barred. |
| xvi. | To the extent that Plaintiff is seeking recovery for any act or omission that occurred more than two years before Plaintiff became a party to this action, the claim is barred by limitations. |
| xvii.| To the extent Plaintiff is attempting to seek relief under 42 U.S.C. § 12101 *et. seq.* (the "ADA"), Plaintiff failed to timely assert her discrimination and retaliation claims under the ADA within the 90-day statute of limitations period. |
| xviii.| Plaintiff's damages and injuries, if any, were caused, in whole or in part, by independent, contributing, and intervening causes, factors, injuries, disabilities and conditions unrelated to any actions of Defendant. |
| xix. | Defendant asserts any applicable statutory cap on damages, including but not limited to, Texas Labor Code, § 21.2585 and §§ 41.003, 41.004, 41.006 through 41.008, and 41.010 of the Texas Civil Practices and Remedies Code. |
| xx.  | Any amounts which Plaintiff claims are due and owing to her for lost wages and benefits must be reduced and mitigated by the amount of benefits and monetary payments Plaintiff received or by the amount of wages and benefits which Plaintiff could have earned with |

        the exercise of reasonable diligence during the period for which lost wages or benefits is sought by Plaintiff.

xxi. Plaintiff's claim for lost wages, if any, is limited to two years from the date the Plaintiff's charge of discrimination was filed with the Equal Employment Opportunity Commission and/or the Texas Workforce Commission Human Rights Division.

xxii. To the extent that Plaintiff has failed to mitigate her damages, then any claim for damages is barred.

xxiii. Defendant has, at all times, acted in good faith and in compliance with federal and state law. Defendant has neither intentionally, nor willfully, violated Plaintiff's rights in any manner or acted maliciously or negligently with respect to Plaintiff or any aspect of her employment and at no time has Defendant acted with any intent to injure Plaintiff.

xxiv. Defendant made a good faith effort to comply with all anti-discrimination laws and statutes.

xxv. Plaintiff fails to state a claim, in whole or in part, in her Original Petition upon which relief can be granted.

xxvi. Plaintiff's claim for damages may be barred, in whole or in part, by the after-acquired evidence doctrine.

xxvii. Defendant affirmatively retains the right to add additional affirmative defenses, including those provided in Texas Rule of Civil Procedure 94, upon the completion of discovery.

    **C. Defenses and Claims of Third-Party Defendants**

None.

**IV. STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The Parties state that the following material facts are undisputed:

1. In 2017, Plaintiff began her employment with Defendant, as a probationary, tenure-track Librarian.

2. Plaintiff worked under a one-year probationary term contract for a period of five years.

3. Plaintiff was last given a one-year probationary term contract for the 2022-2023 academic year.

4. On November 10, 2021, the Tenure Committee unanimously recommended not to grant tenure but to extend Plaintiff's probationary status for a sixth year.

5. Plaintiff appealed the initial denial of tenure and extension of her probationary status to a sixth year.

6. On January 18, 2022, Dr. William Serrata, College President, informed Charging Party that after review, he did not see evidence that should overturn the Tenure Committee's recommendation, and as such, decided to uphold the Tenure Committee's recommendation to deny tenure and extend her probationary status for a sixth year.

7. On November 28, 2022, Plaintiff was given notice from the College President that the Tenure Committee had again recommended that she not be granted tenure, that he concurred with the recommendation to deny tenure, that her one-year probationary term contract would not be renewed at the end of the contract period, and her employment with the College would end at the end of the contract period. This letter also informed Plaintiff that she could appeal this decision before January 31, 2023.

8. On December 14, 2022, Plaintiff submitted her a letter appealing the decision to deny her tenure.

9. On January 30, 2023, Plaintiff received notice that the decision to deny tenure would not be overturned and her contract would not be renewed. Her employment ended on May 13, 2023.

10. Plaintiff filed her Charge of Discrimination with the EEOC on July 26, 2023, alleging disability discrimination and retaliation

11. Plaintiff received a Notice of Right to Sue from the EEOC dated April 10, 2024.

12. Plaintiff filed suit in state court alleging violations of Chapter 21 of the Texas Labor Code on June 11, 2024.

13. On April 17, 2025, Plaintiff filed her Amended Petition, and, for the first time, included claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.,* thereby invoking the Court's federal question jurisdiction.

**V.   Case Management Plan**

   A. *Standing Order on Pretrial Deadlines*

Plaintiff and Defendant **request** modification of the deadlines in the Standing Order on Pretrial Deadlines, as follows.

- **Discovery deadline: June 30, 2026**
- **Dispositive motions Filing deadline: July 31, 2026**

### B. *Scheduling Conference with the Court.*

The Parties do not request a pretrial conference with the Court.

### C. *Early Settlement Conference*

The Parties have attended mediation and have engaged in on-going settlement negotiations. The Parties certify that they have considered the desirability of attempting to settle the federal case before undertaking significant discovery or motion practice. The Parties have determined that settlement efforts may be enhanced by at least the exchange of initial discovery requests and possibly taking depositions.

### D. *Joinder of Parties and Amended of Pleadings*

1. The Parties agree that Plaintiff should be allowed until **August 15, 2025**, to file motions to join additional Parties and until **December 31, 2025**, to file motions to amend pleadings.

2. The Parties agree that Defendant should have until **September 15, 2025**, to join additional Parties and until **January 31, 2026**, to file motions to amend pleadings.

### E. *Discovery*

1. Discovery is to be conducted pursuant to the Federal Rules and will include written and electronic discovery, as well as depositions of the Parties and witnesses.

2. *Both Parties* have the option to seek responsive electronically stored information (ESI) as kept in the ordinary course of business, in native file formats from its data sources (without wiping out or deleting source media and metadata). The Parties will seek responsive information and documentation which is ordinarily maintained or kept in the usual course of business in electronic, paper or other physical form, and it shall be produced in PDF format, with meta data and source data preserved.

    The **Plaintiff** will seek discovery on the following: The factual basis for her claims and damages as well as the defenses asserted by Defendant. Additional discovery on issues requiring expert testimony may be required for issues related to her disability.

3. The **Defendan**t will seek discovery of the following:

    - Plaintiff's employment with Defendant to include Plaintiff's performance, disciplinary history, etc.
    - Plaintiff's ADA accommodation and FMLA requests during Plaintiff's employment with Defendant;
    - Plaintiff's previous EEOC charges and lawsuits;
    - Alleged complaints made by Plaintiff regarding alleged disability discrimination and retaliation;

- Plaintiff's separation of employment;
- Plaintiff's allegations of discrimination against Defendant;
- Plaintiff's allegations of retaliation against Defendant;
- Plaintiff's alleged lost wages and benefits and other damages;
- Plaintiff's attempts to seek further employment and otherwise mitigate damages;
- Plaintiff's alleged loss of earning capacity and other financial damages;
- Plaintiff's alleged compensatory damages, including emotional pain and suffering, loss of enjoyment of life, and other non-pecuniary losses.

4. The Parties' discovery will be requested in writing and will include written discovery and depositions, including depositions under Rule 30(b)(6).

5. All discovery, including depositions of expert witnesses pursuant to the Federal Rule of Civil Procedure 26(b)(4), will be commenced on **July 7, 2025,** and completed (not propounded) by **June 30, 2026.**

6. The Parties agree Discovery **will not** be conducted in phases.

7. The Parties agree that Discovery will be completed by **June 30, 2026.**

8. The Parties approximate that Plaintiff will require a total of 3 to 6 depositions of fact witnesses and that Defendants will require a total of 3 to 6 depositions of fact witnesses. The depositions will commence within a reasonable time after this Report and will be completed by **April 30, 2026.**

9. The Parties shall request permission to serve more than 25 interrogatories.

10. Plaintiff does not presently intend to call expert witnesses at trial other than by records, with the exception of post-trial request for attorneys' fees and costs. However, Plaintiff reserves the right to revisit this issue, as discovery is completed, consistent with the court's scheduling requirements. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **December 31, 2025**. Depositions of any such experts will be completed by **March 30, 2026.**

11. Defendant does not presently intend to call expert witnesses at trial, with the exception of post-trial request for attorneys' fees and costs. However, Defendant reserves the right to revisit this issue, as discovery is completed, consistent with the court's scheduling requirements. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **January 31, 2026**. Depositions of any such experts will be completed by **April 30, 2026.**

12. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **April 30, 2026.**

  **F. Dispositive Motions**

Dispositive motion will be filed on or before **July 31, 2026.**

**VI. Trial Readiness**

The case will be ready for trial by **August 1, 2026.**

As officers of the court, the undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy, and efficient determination of this action.

**SIGNED** on July 11, 2025


**THE LAW OFFICES OF LISA A. ELIZONDO PLLC**
2504 Montana Ave.
El Paso, Texas 79903
(915) 351-2775

By:/s/ *Lisa A. Elizondo*
**LISA A. ELIZONDO**
State Bar No. 00787428
lelizondo@elizondolawep.com
*Attorney for Plaintiff*

&

**SCOTTHULSE PC**
One San Jacinto Plaza
201 E. Main Dr., 11th Floor
El Paso, Texas 79901
(915) 533-2493
(915) 546-8333 Fax

By: */s/ Rosemary M. Marin*
**ROSEMARY M. MARIN**
State Bar No. 12982500
rmar@scotthulse.com
**ZACHERY A. GRIGG**
State Bar No. 24143647
zgri@scotthulse.com
*Attorneys for Defendant*